UNITED STATES, Appellee,

v.

Irving S. WISE t/n Irving Stewart Wise, Jr., Appellant.

No. 76–1933.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1977.

Decided April 26, 1977.

Rehearing and Rehearing En Banc Denied May 20, 1977.

of the bank would be informed that the account had been handled in a satisfactory manner; that Wise took advantage of the delay in clearing checks deposited in Minnesota for payment by an Oklahoma bank; and that on or about March 18, 1975, in furtherance of the scheme, Wise caused a telephone communication to be transmitted between Tracy in Minnesota and the Oklahoma bank.

John C. Humpage, Topeka, Kan., and Earl P. Gray, St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty., and Thorwald H. Anderson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Senior Circuit Judge, and LAY and HENLEY, Circuit Judges.

PER CURIAM.

Irving S. Wise appeals from his conviction for using interstate telephone wires in connection with a fraudulent scheme, in violation of 18 U.S.C. § 1343. Wise was found guilty by a jury and sentenced to five years' imprisonment. On appeal, he contends: (1) that the district court erred in refusing to dismiss the indictment for failure to adequately set forth a violation of 18 U.S.C. § 1343; (2) that the court violated Fed.R.Crim.P. 30 by failing to afford defense counsel an opportunity to object to the instructions out of the hearing of the jury; and (3) that the evidence was insufficient to support the conviction. We affirm.

Wise was charged in a one count indictment with devising a scheme to defraud the Tracy Farmers Elevator of Tracy, Minnesota, by causing others to purchase grain from Tracy with checks of the Fairland Elevator Co., drawn on the Farmers State Bank of Afton, Oklahoma. The indictment alleged that Wise instructed Melvin White to purchase grain with the Fairland checks and sign them J. R. Wise by Melvin White; that the checks would be dishonored when presented for payment because they did not bear an authorized signature; that Wise maintained a sufficient balance in the Fairland account so that anyone making inquiry

I. *The Indictment.*

◼ Wise's primary complaint with respect to the indictment is that it failed to adequately particularize the manner in which the telephone communication of March 18, 1975, fit into the alleged fraudulent scheme. We disagree. The indictment amply detailed the circumstances of the alleged scheme and communication, and provided Wise with sufficient notice of the offense charged.

◼ Wise also contends that the indictment fails to set forth a violation of 18 U.S.C. § 1343 because the alleged communication was not directed to a victim of the fraudulent scheme. This contention is clearly without merit. All that the statute requires is a scheme to defraud and an interstate telephone call made in furtherance of the scheme. *See, e. g., United States v. Freeman,* 524 F.2d 337, 339 (7th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Scaramuzzo,* 505 F.2d 102 (9th Cir. 1974).

II. *Fed.R.Crim.P. 30.*

◼ Wise's second claim of error is that after delivering its charge to the jury, the district court did not afford defense counsel an opportunity to object to the instructions out of the hearing of the jury, as required by Fed.R.Crim.P. 30. We find no merit to this contention. The record reflects the following colloquy immediately before the jury retired:

Now, counsel may invite my attention to any objections they have to these instructions I have given or to my failure

to give any instructions or to call my attention to any inadvertences or mistakes?

MR. ANDERSON: None, Your Honor.

MR. HUMPAGE [defense counsel]: We renew the exceptions previously registered, Your Honor.

THE COURT: All right.

Defendant, having made no attempt or request to approach the bench, may not now complain that he was denied an opportunity to object to the instructions out of the hearing of the jury. *Compare United States v. Schartner,* 426 F.2d 470, 478–79 (3d Cir. 1970). Moreover, defendant wholly fails to allege any prejudice.

## III. *Sufficiency of Evidence.*

■ Wise's final challenge is to the sufficiency of the evidence. He maintains that the only wire communication involved in this case, a telephone call from Tracy to the bank to check on the status of the Fairland account, was not in furtherance of the fraudulent scheme and, in fact, was antithetical to it. Again we disagree. There is substantial evidence in the record from which the jury could have found that Wise expected the seller of the grain to telephone the bank before accepting the Fairland check, that the call from Tracy to the bank was made at the behest of Melvin White, and that Tracy would not have accepted the check without first verifying with the bank that the check was good. *Cf. United States v. Miles,* 483 F.2d 1372 (8th Cir. 1973), *vacated and remanded for further consideration,* 415 U.S. 970, 94 S.Ct. 1553, 39 L.Ed.2d 867, *aff'd,* 498 F.2d 394 (1974).

The judgment of conviction is affirmed.