828 F.2d 18
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul David DAVIS, Michael F. Jaworski, Defendant-Appellants.
 No. 87-5524
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1987.
Decided August 21, 1987.
 
 James Riley Parish, Todd Conormon, Assistant Federal Public Defender, for appellants.
 Alan Hechtkopf, Department of Justice, Tax Division (Samuel T. Currin, United States Attorney, Roger M. Olsen, Assistant Attorney General, Michael L. Paup, Robert E. Lindsay, Deborah Wright Dawson, on brief), for appellee.
 Before WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Paul D. Davis and Michael F. Jaworski were (jointly) indicted with others in a 24-count indictment, charging conspiracy to defraud the United States in the assessment and collection of its revenues, in violation of 18 U.S.C. Sec. 371, mail and wire fraud, in violation of 18 U.S.C. Secs. 1341 and 1343, and abetting in the preparation and presentation of fraudulent Forms W-4, in violation of 26 U.S.C. Sec. 7206(a). In a jury trial of some ten days Davis was found guilty of Counts 1 through 7, and 21 through 24. Jaworski was found guilty of Counts 1, and 6 through 20. They challenge the sufficiency of the evidence to support the convictions, and raise other questions. Finding the jury's verdict supported by sufficient evidence and no reversible error in the conduct of the trial, except for the special assessment of $50.00 under Count 10, we affirm the convictions and remand for the elimination of that special assessment.
 
 
 2
 Neither Davis nor Jaworski testified at their trial, nor did they offer any evidence in their defense. The jury, in weighing the evidence, found a co-defendant not guilty, and found Davis not guilty of some of the charges against him.
 
 
 3
 The evidence established and the jury found that from mid 1980 through mid 1986 defendants and other persons named and unnamed in the indictment were members of or associated with organizations which, together with defendants, advocated, promoted, sold, circulated and distributed plans, instructions, documents and information to recipients suggesting ways and means and to encourage, aid and assist them in improperly and unlawfully concealing their income, assets and transactions from the Internal Revenue Service, and escapting income taxes lawfully due and owing. Defendants advocated and aided and assisted others in preparing and filing false and fraudulent income tax Forms W-4 and claims for exemption from withholding of income and other taxes, and false IRS Forms 1040-A, showing that the person in whose name the return was filed did not receive wages, salaries or tips. Defendants, together with their associates, spoke, advocated, taught and instructed others that wages were not taxable income, need not and should not be reported as income, that the income tax provisions of the Internal Revenue Code were unconstitutional and illegal, that persons should not file income tax returns, and people should file W-4 Forms claiming full exemption of their wages from withholding. Defendants conducted training sessions and furnished information on how to escape income tax by transferring all of one's assets to an off-shore trust so that the assets would be beyond the reach of Internal Revenue Service as its jurisdiction stopped at the shore line.
 
 
 4
 Defendants Davis and Jaworski were members of or closely associated with several tax protestor groups and organizations. They assisted in the organization of several groups, solicited others to join, spoke at numerous meetings or assemblies of these groups, gave advice on the workings and benefits of such organizations, provided forms, documents and plans to assist them, and collected initiation fees and monthly dues from members. Davis appeared on radio, and with Jaworski, appeared before organizations to attract members. He provided tax protest documents to be filed with state and federal government agencies, and filed some documents for members. Defendants promoted the 'Trusts' by gross misrepresentations of their benefits and legality, and the purchaser's right to legally obtain exemptions or write-offs of expenses, as well as that it would excuse the purchaser from payment of income taxes.
 
 
 5
 Persons with questions were referred to Jaworski who was referred to as Attorney for the Trusts, 'head man,' and 'answer man.' After Davis left the organization, Jaworski collected funds due on the Trusts, some of which were forwarded to him in Oregon. He agreed to review tax returns and render advice on them. He flew from Oregon to North Carolina to speak at a meeting. He made and responded to telephone calls in promoting the scheme, and received by mail documents and payment of balances due on Trust sales.
 
 
 6
 Where a jury has returned a verdict of guilty, the evidence and circumstances, including reasonable inferences drawn therefrom, must be viewed in the light most favorable to the government, and the verdict must be upheld if there is evidence to support it. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789 (1979); Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469 (1942); United States v. Stockton, 788 F.2d 210, 218 (4th Cir. 1986); United States v. Sherman, 421 F.2d 198, 199-200 (4th Cir. 1970).
 
 
 7
 The test is not whether this court 'is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found [defendants] guilty beyond a reasonable doubt.' United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984), cert. denied, 469 U.S. 918; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)).
 
 
 8
 The offenses described in 18 U.S.C. Sec. 1341 require proof of (1) the existence of a scheme to defraud and (2) the placing in the mail depository or causing to be sent by mail, any letter, matter or thing. United States v. Murr, 681 F.2d 246, 248 (4th Cir. 1982), cert. denied, 459 U.S. 973. See also Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 362 (1954). For a violation of 18 U.S.C. Sec. 1343, the proof requires (1) the existence of a scheme to defraud, and (2) transmitting or causing to be transmitted by means of wire, radio or T.V. in interstate or foreign commerce, any signal for the purpose of executing the scheme. United States v. Wise, 553 F.2d 1173 (8th Cir. 1977).
 
 
 9
 To constitute a violation of either of these statutes, it 'is not necessary that the scheme contemplate the use of the mail [or the wire, radio or T.V.] as an essential element.' Pereira v. United States, supra, 347 U.S. at 8, 74 S.Ct. at 362.
 
 
 10
 Defendants' contentions that they did not personally deposit or place the items in the mail or originate the telephone calls overlook the fact that the evidence established and the jury found they caused it to be done. To constitute a violation of either of these statutes it 'is not necessary to show that petitioners actually mailed or transported anything themselves [or originated the telephone calls]; it is sufficient if they caused it to be done.' Id. What is required is that someone connected with the scheme do the mailing or use the wire. United States v. Odum, 736 F.2d 104, 109 (4th Cir. 1984). Where, as here, a defendant has a reasonable basis to foresee that the mails or wire will be used by others in the execution of the scheme to defraud, such mailings or use of the wire are sufficient. United States v. Blecker, 657 F.2d 629, 636-637 (4th Cir. 1981). Nor is it of any consequence that defendants did not actually participate in or initiate the use of the wire or the interstate communication. United States v. Calvert, 523 F.2d 895 (8th Cir. 1975), cert. denied, 424 U.S. 911 (1976). There was evidence from which the jury 'could have reasonably concluded that the mailings [and use of the wire] were for the purpose of executing the scheme.' United States v. Snowden, 770 F.2d 393, 397 (4th Cir. 1985).
 
 
 11
 Defendant Jaworski asserts that the evidence was insufficient to sustain his conviction of Counts 9, 11 and 16 because the use of the mails and use of the wire was provided by an undercover government agent, and were made for investigative purposes. He relies on United States v. Brantley, 777 F.2d 159 (4th Cir. 1985), cert. denied, 107 S.Ct. 90 (1986). Nothing in Brantley, supra, supports Jaworski's contention. There, the court held that none of the items transported in interstate commerce were used commercially and there was no effect upon interstate commerce to establish jurisdiction. The court said that '[s]ince the only claimed actual effect upon interstate commerce was pretensive activity by F.B.I. agents,' it would reverse the conviction of the substantive offenses. 777 F.2d at 161. This is not the situation here. The illegal scheme was and had been in operation for some period of time. The undercover agent had been dealing with Jaworski and others in the conspiracy. He was told to contact Jaworski if he needed information or advice on what to do. This he did and was told to forward funds due on the purchase of a 'Trust' to Jaworski. This was part of the procedure used for the carrying out of the scheme to defraud. Likewise, his contention that there was insufficient evidence to establish that he had an intent to defraud is equally without merit.
 
 
 12
 The government agrees that the special assessment of $50.00 made pursuant to 18 U.S.C. Sec. 3013 against Jaworski under Count 10 is improper because the effective date of that section was subsequent to the offense described in that count, and that the case should be remanded with direction to the district court to amend the sentence by deleting this assessment. We likewise agree, and remand the case for that purpose. In all other respects the convictions are affirmed.
 
 
 13
 AFFIRMED IN PART AND REMANDED.